# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUST MARION JANIS,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:04-CV-5812-AWI-SMS-P<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO VACATE ORDER AND VACATING ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND, FILED ON APRIL 14, 2006 (Docs. 32 and 34)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE A SECOND AMENDED COMPLAINT AS MOOT (Doc. 33)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND (Doc. 27) |

I.    Order

     A.    <u>Motions for Order Vacating Screening Order Filed on April 14, 2006, and for Extension of Time to File Second Amended Complaint</u>

Plaintiff Gust Marion Janis ("plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed the original complaint in this action on June 10, 2004, and an amended complaint on December 20, 2004. On February 4, 2005, the court screened plaintiff's amended complaint and issued an order dismissing the amended complaint with leave to amend for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim upon which relief may be granted. Plaintiff filed a second amended complaint on June 20, 2005. On April 14, 2006, the court screened plaintiff's

1

second amended complaint and issued an order dismissing it with leave to amend. On June 6, 2006, plaintiff filed a request for an order vacating the order of April 14, 2006, on the ground that the court screened his amended complaint filed on December 20, 2004, rather than his second amended complaint filed on June 20, 2005.

The court has reviewed the record in this case and plaintiff is correct that his most recent complaint was not the one screened by the court in its order of April 14, 2006. Accordingly, plaintiff's request for an order vacating the screening order of April 14, 2006, shall be granted and by this order, plaintiff's second amended complaint filed on June 20, 2005, shall be screened. In light the court's action, plaintiff's motion seeking an extension of time to file a second amended complaint in compliance with the court's order of April 14, 2006, is moot and shall be denied on that ground.

  B.  <u>Screening Order</u>

    1.  <u>Screening Requirement</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### 2. Plaintiff's Claims

The court has reviewed plaintiff's second amended complaint. Plaintiff's allegations suggest four possible types of claims. Plaintiff alleges various adverse actions and omissions which suggest claims for retaliation, for denial of adequate medical treatment, for denial of access to the courts, and for deprivation of personal property without due process of law. As set forth below, plaintiff's allegations fall short of stating any cognizable claims for relief. However, the court will provide plaintiff with the applicable legal standards and another opportunity to amend to cure the deficiencies in his claims.

To the extent that plaintiff is attempting to pursue claims beyond those identified by the court in this order, the burden is on plaintiff to clarify those claims. It is ultimately plaintiff's duty, not the court's, to set forth his claims with sufficient clarity that the court and defendants are on notice as to which claims are being pursued in this action.

#### a. Retaliation

Plaintiff sets forth numerous allegations concerning adverse actions taken against him. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802,

3

807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

It appears to the court that plaintiff may well be able to state one or more claims for relief against prison employees for retaliating against him, in violation of his rights under the First Amendment. However, plaintiff falls short of stating any cognizable claims in his second amended complaint because plaintiff has not alleged facts linking each defendant to an adverse action or omission that was undertaken *because of* plaintiff's exercise of a protected right. While the court is mindful that Rule 8 calls for notice pleading, the court cannot read into the complaint what is not pled. The complaint must contain some facts supporting a claim that defendants acted as they did because of plaintiff's engagement in protected activities (e.g., that they knew of plaintiff's engagement in protected activities and retaliated against him because of that engagement in the protected activities).

b.   Denial of Access to the Courts

Plaintiff again attempts to state a claim for relief based on denial of access to the courts. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). To state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court. Harbury, 536 U.S. at 415; Lewis, 518 U.S. at 351.

The Constitution protects plaintiff from being denied access to the courts. However, a claim for violation of this right accrues only *when and if* plaintiff suffers an actual injury with respect to a direct criminal appeal, a habeas petition, or a civil rights suit. Harbury, 536 U.S. at 415; Lewis,

4

518 U.S. at 351, 354. Although plaintiff alleges that he was hindered regarding his litigation activities, plaintiff's conclusory allegations that he suffered actual injuries are insufficient. Plaintiff may not pursue an access claim based on a bare allegation that he suffered an actual injury. Plaintiff is required to allege some specific facts that would support a claim that he in fact suffered an actual injury by being shut out of court.

In amending his claims, plaintiff is cautioned to be mindful that he does not have the right to discover grievances or to litigate effectively once in court. Lewis at 354. Further, inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts *must* show that he suffered an actual injury. Id.

With respect to defendants' alleged hindrance of plaintiff's attempts to exhaust the administrative remedies concerning claims, "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability in this action. Buckley, 997 F.2d at 495.

With respect to the mandatory exhaustion requirement set forth in 42 U.S.C. § 1997e(a), interference with plaintiff's attempts to exhaust via the appeals process would give rise to a cognizable access claim only if and when plaintiff suffers an actual injury by having his claim or

5

action dismissed for failure to exhaust. Until such an injury actually occurs, it is pure speculation on plaintiff's part that his inability to exhaust will result in the loss of a claim or action. See e.g., Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005) (exhaustion occurred when appeals coordinator exercised discretion to screen out appeal as untimely and no further process remained available to the inmate); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy). In conclusion, only when and if plaintiff suffers an actual injury as a result of defendants' interference with his attempts to exhaust via the administrative appeals process will plaintiff be able to pursue a claim for relief under Bivens.

          c.      Medical Care

Plaintiff alleges facts relating to the care, or lack thereof, he received concerning his heart attacks, and relating to his exposure to chemicals, which posed a danger to his health. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have

led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a . . . claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

At this stage in the proceedings, the court presumes unquestionably that plaintiff's heart condition and reaction to exposure to chemicals constituted serious medical needs. However, plaintiff must allege some facts which would support a claim that each of the defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. It is not enough that plaintiff had serious medical needs which were disregarded. There must be some facts alleged demonstrating that each of the defendants involved knowingly disregarded an excessive risk to plaintiff's health.

      d. <u>Property Deprivation</u>

Finally, plaintiff alleges that at various times, he was separated from his personal property and when his property was eventually returned, items were missing and the property was in disarray.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However,

allegations of the unauthorized deprivation of personal property do not give rise to a claim for relief for violation of the Due Process Clause of the Fourteenth Amendment. Hudson v. Palmer, 468 U.S. 517, 530-34 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). Accordingly, plaintiff may not pursue a claim for relief under Bivens based on the unauthorized deprivation of his property.

### e. Conclusion

Plaintiff's second amended complaint shall be dismissed for failure to state any claims upon which relief may be granted. The court will provide plaintiff with the opportunity to file a third amended complaint.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## C. Order

For the reasons set forth in this order, it is HEREBY ORDERED that:

1. Plaintiff's motion for an order vacating the screening order filed on April 14, 2006, is GRANTED;

2. The screening order filed on April 14, 2006, dismissing plaintiff's amended complaint and requiring plaintiff to file a second amended complaint (court document 32) is VACATED;

///

|   |   |   |
|---|---|---|
| 3. | | Plaintiff's motion for an extension of time to file a second amended complaint in compliance with the order of April 14, 2006, is DENIED as moot; |
| 4. | | Plaintiff's second complaint, filed June 20, 2005, is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted; |
| 5. | | Within **thirty (30) days** from the date of service of this order, plaintiff shall file a third amended complaint that complies with the directives set forth in this order; |
| 6. | | The failure to file a third amended complaint in compliance with this order will result in a recommendation that this action be dismissed, with prejudice, for failure to obey a court order and for failure to state any claims upon which relief may be granted; and |
| 7. | | The Clerk's Office shall send plaintiff a <u>Bivens</u> complaint form. |

IT IS SO ORDERED.

**Dated:    June 9, 2006**                              /s/ Sandra M. Snyder
icido3                                                  UNITED STATES MAGISTRATE JUDGE