Case 1:04-cv-05812-SKO   Document 41   Filed 04/03/07   Page 1 of 10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUST MARION JANIS,<br><br>            Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:04-cv-05812-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS, AND RECOMMENDING PLAINTIFF BE GRANTED LEAVE TO FILE A FOURTH AMENDED COMPLAINT LIMITED TO CURING HIS FTCA CLAIM<br><br>(Doc. 39)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

I.  <u>Findings and Recommendations Following Screening of Third Amended Complaint</u>

   A.  <u>Procedural History</u>

Plaintiff Gust Marion Janis ("plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors, and pursuant to 28 U.S.C. § 1346(b) (the Federal Tort Claims Act), which provides a limited remedy for torts committed by federal employees.  Plaintiff filed the original complaint in this action on June 10, 2004, and an amended complaint on December 20, 2004.  On February 4, 2005, the court dismissed plaintiff's amended complaint for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim upon which relief may be granted.  Plaintiff filed a second amended complaint on June 20, 2005.  On June 9, 2006, the court dismissed plaintiff's second amended complaint for

///

1

1  failure to state any claims upon which relief may be granted. Plaintiff filed a third amended
2  complaint on August 21, 2006.

3       B.     <u>Screening Requirement</u>

4        The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
9  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
10 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
11 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

12       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
13 exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.
14 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short
15 and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.
16 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is
17 and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A court may dismiss a
18 complaint only if it is clear that no relief could be granted under any set of facts that could be proved
19 consistent with the allegations. <u>Id</u>. at 514. "'The issue is not whether a plaintiff will ultimately
20 prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may
21 appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
22 test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S.
23 232, 236 (1974)); <u>see</u> <u>also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
24 suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262
25 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a
26 plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal
27 interpretation of a civil rights complaint may not supply essential elements of the claim that were not
28 ///

initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

      C.     Plaintiff's Bivens Claims

Plaintiff's constitutional claims arise from events which allegedly occurred at United States Penitentiary-Lompoc and United States Penitentiary-Atwater. Plaintiff names forty-five defendants in the caption of his complaint, in addition to Henderson, Easton, Sanford, Carlson, and Horton, who are named in the body of the complaint but not in the caption. Plaintiff is seeking monetary and declaratory relief.

The court has twice before screened plaintiff's complaint, and provided plaintiff with notice of the applicable legal standards and notice of the deficiencies in plaintiff's claims. Plaintiff's lengthy, narrative format and inclusion of unnecessary, peripheral facts makes summarization of his separate claims unduly burdensome. As a result, the court will first set forth the legal standards applicable to plaintiff's claims, and then identify by numbered paragraph(s) which allegations do and do not give rise to cognizable claims for relief for violation of plaintiff's constitutional rights.

      1.     Legal Claims

          a.     Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

///

///

b. <u>Denial of Access to the Courts</u>

Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. <u>Id</u>. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). <u>Christopher v. Harbury</u>, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). To state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court. <u>Harbury</u>, 536 U.S. at 415; <u>Lewis</u>, 518 U.S. at 351.

c. <u>Medical Care</u>

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. <u>McGuckin</u>, 974 F.2d at 1060 (citing <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." <u>Toguchi</u>, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be

drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a . . . claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

        d.        Property Deprivation

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, allegations of the unauthorized deprivation of personal property do not give rise to a claim for relief for violation of the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 530-34 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

        2.        Allegations by Paragraph

The allegations set forth in paragraphs 6 through 8, on pages 7 and 8 of the court record, do not give rise to any claims for relief.

The allegations set forth in paragraph 9 give rise to a claim for relief against defendants Herrera, Horton, Greggs, R. Johnson, Keffer, Smith, Henderson, Pacheco, Brown, Marshall, Tuite, Solis, and Stephenson for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment.

The allegations set forth in paragraph 10 give rise to a claim for relief against defendants Pacheco, Brown, Stephenson, and Claridy for retaliation, in violation of the First Amendment.

///

///

The allegations set forth in paragraphs 11 and 12 give rise to a claim for relief against defendants Johnson, Tuite, and Smith for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment.

The allegations set forth in paragraphs 13 through 16 do not give rise to a claim for relief against defendants Gross, Pollock, R. Johnson, Smith, and Easton for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. Plaintiff was provided with medical care and his disagreement with the treatment provided, to the extent plaintiff is attempting to impose liability on that basis, does not support a constitutional claim. Franklin, 662 F.2d at 1344.

The allegations set forth in paragraph 17 give rise to a claim for relief against defendants Sanford, Keffer, Herrera, Kramer, Smith, Johnson, and Haro for violation of the Eighth Amendment, based on the conditions of the cell plaintiff was confined in.

The allegations set forth in paragraphs 18 and 19 do not give rise to a claim for relief for violation of the Eighth Amendment. Plaintiff's disagreement with the course of treatment chosen by prison officials provides no basis upon which to impose liability against them. Franklin, 662 F.2d at 1344.

The allegations set forth in paragraphs 20 through 22 do not give rise to any claims for relief for violation of plaintiff's constitutional rights.

The allegations set forth in paragraphs 23 and 24 give rise to claims for relief against defendants Carlson and Horton for retaliation, in violation of the First Amendment.

The allegations set forth in paragraphs 25 through 34 do not give rise to any claims for relief for violation of plaintiff's constitutional rights.

The allegations set forth in paragraph 35 give rise to a claim for relief against defendant D. Nodle for retaliation, in violation of the First Amendment.

The allegations set forth in paragraphs 36 and 37 do not give rise to any claims for relief for violation of plaintiff's constitutional rights.

The allegations set forth in paragraph 38 give rise to a claim for relief against defendants Schultz, Gant, Booth, Luna, Stahley, Orozoco, Brown, Milligan, Rios, DeVere, Spencer, and Wolf

for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment

The allegations set forth in paragraphs 39 through 43 do not give rise to any claims for relief for violation of plaintiff's constitutional rights.

The allegations set forth in paragraphs 44 and 45[1] give rise to a claim for relief against defendants Orozoco and Milligan for retaliation, in violation of the First Amendment.

The allegations set forth in the second paragraph numbered 45 do not give rise to a claim for relief for violation of plaintiff's constitutional rights.

The allegations set forth in paragraphs 46 and 47 do not give rise to any claims for relief for violation of plaintiff's constitutional rights.

Plaintiff was already warned that he may not pursue any claims that did not accrue and were not exhausted prior to June 10, 2004. (Doc. 19, 5:8-6:6.) Therefore, the court recommends that plaintiff's allegations set forth in paragraphs 46 through 49, pages 22 and 23 of the court record, be stricken from the complaint.

D.   FTCA Claims

"The United States is the only proper defendant in a [Federal Tort Claims Act] action." Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing Woods v. United States, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). Although plaintiff alleges a Federal Tort Claims Act claim, plaintiff did not name the United States as a party to this action and therefore fails to state a claim for relief.

Because plaintiff was not previously given leave to amend to cure this deficiency, the court will recommend that plaintiff be allowed to amend the claim. Plaintiff is required to set forth the basis of his FTCA claim against the United States. Plaintiff may not place defendant in the position of guessing as to the basis of the claim against it. Fed. R. Civ. P. 8(a).

///

///

---

[1] There are two consecutive paragraphs numbered 45. The court is referring to the first paragraph numbered 45.

E.   Prayer for Declaratory Relief

Plaintiff seeks declaratory relief. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of plaintiff, that verdict will be a finding that plaintiff's constitutional rights were violated. Accordingly, a declaration that defendants violated plaintiff's rights is unnecessary.

Further, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Plaintiff is no longer incarcerated at the prisons at which his claims arose.

F.   Conclusion

As set forth herein, plaintiff's third amended complaint contains some claims for relief which are cognizable under Bivens. However, plaintiff's third amended complaint also contains numerous deficient claims. Plaintiff was previously given leave to amend with respect to his constitutional claims and failed to cure the deficiencies. The court therefore recommends that the deficient claims be dismissed, with prejudice, for failure to state a claim.

With respect to his Federal Tort Claims Act claim, plaintiff was not previously given leave to amend to cure the deficiency. As a result, the court is compelled to recommend plaintiff be given the opportunity to amend the claim. The court recommends that plaintiff be limited to amending his FTCA claim and if plaintiff adds any new claims or any new parties other than the United States, or if plaintiff again alleges any of the claims dismissed from this action, plaintiff's fourth amended complaint be stricken from the record and plaintiff be subject to sanctions for failing to obey a court order.

For the reasons set forth in this order, it is HEREBY RECOMMENDED that:

1. Paragraphs 46 through 49, on pages 22 and 23, be stricken;

2. This action proceed on the following claims brought pursuant to <u>Bivens</u>:

    a. An Eighth Amendment medical care claim against defendants Herrera, Horton, Greggs, R. Johnson, Keffer, Smith, Henderson, Pacheco, Brown, Marshall, Tuite, Solis, and Stephenson based on the allegations set forth in paragraph 9;

    b. A retaliation claim against defendants Pacheco, Brown, Stephenson, and Claridy based on the allegations set forth in paragraph 10;

    c. An Eighth Amendment medical care claim against defendants Johnson, Tuite, and Smith based on the allegations set forth in paragraphs 11 and 12;

    d. An Eighth Amendment claim against defendants Sanford, Keffer, Herrera, Kramer, Smith, Johnson, and Haro based on the conditions of the cell plaintiff was confined in as set forth in paragraph 17;

    e. A retaliation claim against defendants Carlson and Horton based on the allegations set forth in paragraphs 23 and 24;

    f. A retaliation claim against defendants D. Nodle based on the allegations set forth in paragraph 35;

    g. An Eighth Amendment medical care claim against defendants Schultz, Gant, Booth, Luna, Stahley, Orozoco, Brown, Milligan, Rios, DeVere, Spencer, and Wolf based on the allegations set forth in paragraph 38;

    h. A retaliation claim against defendants Orozoco and Milligan based on the allegations set forth in paragraphs 44 and 45[2];

3. All other claims for violation of plaintiff's constitutional rights, brought pursuant to <u>Bivens</u>, be dismissed, with prejudice, for failure to state a claim;

///

---

[2] The first paragraph numbered 45.

4.   Plaintiff's claim for declaratory relief be dismissed from this action and this action proceed as one for damages only;

5.   Defendants Adams, Gunji, Lappin, Aramdarez, Gonzalez, Chavez, Bills, Falkowski, Klein, Sterling, Franco, Willis, Nodle, Oliva, and Flores be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them; and

6.   Plaintiff be granted leave to amend his Federal Tort Claims Act claim, with the restriction that if plaintiff attempts to add any new claims or parties other than the United States to this action or includes any claims previously dismissed, his fourth amended complaint will be stricken from the record and plaintiff will be subject to sanctions for failing to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 2, 2007**                    /s/ Sandra M. Snyder
icido3                                          UNITED STATES MAGISTRATE JUDGE