# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUST MARION JANIS, | CASE NO. 1:04-cv-05812-SKO PC |
| Plaintiff, | ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND DENYING RECONSIDERATION |
| v. | |
| UNITED STATES OF AMERICA, et al., | (Doc. 146) |
| Defendants. | |

## I. Procedural History

Plaintiff Gust Marion Janis ("Plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors, and pursuant to 28 U.S.C. § 1346(b) (the Federal Tort Claims Act), which provides a limited remedy for torts committed by federal employees.

On August 26, 2011, an order issued granting Defendants' motion to dismiss for failure to state a claim upon which relief may be granted, counting the dismissal as a strike under 28 U.S.C. § 1915, and ordering entry of judgment in Defendants' favor and against Plaintiff resulting in closure of the case ("MTD Order"). (Doc. 144.) On September 9, 2011, Plaintiff filed a document objecting to the MTD Order on two grounds: (1) it was issued via direct order by the undersigned (a magistrate judge) rather than via findings and recommendation to District Court Chief Judge Anthony W. Ishii for later adoption; and (2) it found uncognizable, a claim which Judge Ishii had previously found cognizable. (Doc. 146.) Though titled "Plaintiff Objects

to Magistrate Judge's Order Granting Defendant's [sic] Motion to Dismiss; and Order for this Dismissal to Court [sic] as a Strike Pursuant to [sic] U.S.C. § 1915(g); and Appeal the Determination to District Court Judge Anthony W. Ishii for His Determination and Findings," this document can be construed as a motion for reconsideration of the MTD Order.

For the reasons set forth below, Plaintiff's objections are overruled and any intended request for reconsideration is denied.

## II.     Consent to Magistrate Judge Jurisdiction

In this case, orders were issued requiring the parties to advise whether they consented to a magistrate judge conducting all proceedings in accordance with 28 U.S.C. § 636(c). (Docs. 81, 86.) All parties consented to jurisdiction by a magistrate judge in this action. (Docs. 82, 88.)

Magistrate judges issue findings and recommendations for adoption by a district judge when the parties have not consented to magistrate judge jurisdiction. 28 U.S.C. § 636(b)(1)(A). Where the parties consent, magistrate judges conduct all proceedings and issue orders -- including orders on dispositive motions and entry of judgment. *See* 28 U.S.C. § 636(c)(1). Since this is a consent case, Plaintiff's objection that the undersigned "did not make these orders under findings and recommendations" is without merit and is overruled.

## III.    Law of the Case Doctrine

Plaintiff's second objection states that "Judge Anthony W. Ishii already determined that Janis did state the claim, exactly as stated in his prior complaints; Therefore [sic] Magistrate Judge [sic] cannot change his conclusions after his orders." (Doc. 146, p. 1.) This appears to be an objection that the undersigned's ruling on the motion to dismiss violated the law of the case doctrine. Plaintiff's objection in essence argues that Judge Ishii's prior order (adopting a findings and recommendation on screening of the Third Amended Complaint that a claim had been stated) established the law of this case and that the MTD Order (which dismissed the Fifth Amended Complaint for failure to state a claim) was in error.

"The law of the case doctrine is a judicial invention designed to aid in the efficient operation of court affairs." Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir.1990). Under this doctrine, a court is generally precluded from reconsidering an issue

1 previously decided by the same court, or a higher court in the identical case. *See* id.  A trial
2 judge's decision to apply the doctrine is thus reviewed for an abuse of discretion. See Milgard
3 Tempering, 902 F.2d at 715; United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir.
4 2000). A court abuses its discretion in applying the law of the case doctrine only if: (1) the first
5 decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence
6 on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest
7 injustice would otherwise result. Lummi Indian Tribe, 235 F.3d at 452-53 (*citing* United States
8 v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998)).

9      Here, it would have been an abuse of discretion to deny Defendant's motion to dismiss
10 based on the law of the case having been established by Judge Ishii's prior orders since an
11 intervening change in law regarding the sufficiency of allegations to state a cognizable claim had
12 occurred. Judge Ishii's most recent order which addressed whether Plaintiff's allegations stated a
13 cognizable claim was issued on May 11, 2007. (Doc. 43.) Subsequent to that order and prior to
14 the MTD Order, the United States Supreme Court issued its ruling in Ashcroft v. Iqbal, ___ U.S.
15 ___, 129 S.Ct. 1937 (2009). As noted in both the MTD Order (Doc. 144, at 9:13-23) and an
16 order on a prior motion to dismiss (Doc. 135, at 15:6-9), since Iqbal, "plaintiffs face a higher
17 burden of pleadings facts . . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009) (reversed
18 and remanded on other grounds), and while a plaintiff's allegations are taken as true, courts "are
19 not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677,
20 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

21      Further, as Plaintiff has been repeatedly advised (*see* Docs. 19, 32, 35, 135), an amended
22 complaint must be "complete in itself without reference to the prior or superceded pleading,"
23 Local Rule 15-220, as it supercedes the original complaint and all previously filed amended
24 forms thereof, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997), King v. Atiyeh, 814
25 F.2d 565, 567 (9th Cir. 1987). Plaintiff has also been repeatedly advised that once he filed an
26 amended complaint, prior pleadings no longer serve any function in the case. (Docs. 19, 32, 35.)

27      The MTD Order addressed Plaintiff's allegations in the Fifth Amended Complaint. Judge
28 Ishii's 2007 order addressed whether Plaintiff's allegations in the Third Amended Complaint

stated a cognizable claim.  (Doc. 43.)  Plaintiff's filing of the Fourth and Fifth Amended Complaints necessarily mooted both his allegations in the Third Amended Complaint and any rulings as to whether, under the standards then applicable, a cognizable claim had been stated.  There has been no order in this case by Judge Ishii addressing whether Plaintiff's allegation in the Fifth Amended Complaint were cognizable.

Accordingly, any objection by Plaintiff that the MTD Order violated the law of the case doctrine is overruled.

**IV.     Motion for Reconsideration**

Plaintiff's objections may be construed as a request for reconsideration of the MTD Order.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

To the extent that Plaintiff seeks reconsideration of the MTD Order, he has failed to present newly discovered evidence, commission of clear error, or any intervening change in the

1  controlling law.

2  Further, Plaintiff's desire to have Judge Ishii's 2007 order prevail over the MTD Order has no merit as it was based on older screening standards.  As previously discussed, between those orders, there was a significant departure from prior cases which held that a complaint could not be dismissed unless it was clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 972 (9th Cir. 2009).  The current, more stringent standard by which pleadings are analyzed under Federal Rule of Civil Procedure 8(a) is that set forth in <u>Iqbal</u> which was applied in the MTD Order.  Plaintiff has not shown clear error or other meritorious grounds for relief and has therefore not met his burden as the party moving for reconsideration.  <u>Marlyn Nutraceuticals, Inc.</u>, 571 F.3d at 880.  Plaintiff's disagreement is not sufficient grounds for relief from the order.  <u>Westlands Water Dist.</u>, 134 F.Supp.2d at 1131.

To the extent that Plaintiff's objection might be construed as a request for reconsideration, it is denied with prejudice.

**V.      Order**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's objections are OVERRULED and any request for reconsideration as raised in the document Plaintiff filed September 9, 2011 (Doc. 146) is DENIED with prejudice.  No further objections and/or motions for reconsideration will be considered.  If any such pleading is filed, it will be summarily stricken from the record.  At this juncture, further recourse lies with the appellate court.

IT IS SO ORDERED.

**Dated:    October 5, 2011**             /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE